**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-7373**
_____

CHRISTOPHER HOWARD,

                Petitioner - Appellant,

       v.

WARDEN LEROY CARTLEDGE,

                Respondent - Appellee.

_____

**No. 12-7715**
_____

CHRISTOPHER HOWARD,

                Petitioner - Appellant,

       v.

WARDEN LEROY CARTLEDGE,

                Respondent - Appellee.

_____

Appeals from the United States District Court for the District of South Carolina, at Beaufort.   David C. Norton, District Judge.  (9:12-cv-00711-DCN)

_____

Submitted:  December 19, 2012      Decided:  January 7, 2013

_____

Before GREGORY, WYNN, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

———————————

Christopher Howard, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In Appeal No. 12-7373, Christopher Howard seeks to appeal the district court's May 3, 2012, order adopting the magistrate judge's recommendation and dismissing his 28 U.S.C. § 2254 (2006) petition as successive, as well as the district court's June 14 order denying his post-judgment motions. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007). Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). An appeal period may be tolled, however, by the timely filing of a Fed. R. Civ. P. 59(e) motion for reconsideration or a Fed. R. Civ. P. 60(b) motion for relief. Fed. R. App. P. 4(a)(4)(A)(iv), (vi).

Because Howard timely filed both a Rule 59(e) motion for reconsideration and a Rule 60(b) motion for relief, the appeal period began to run on June 14, 2012, the date those motions were denied. See Fed. R. Civ. P. 59(e); Fed. R. App. P. 4(a)(4)(A)(iv), (vi), (a)(4)(B)(ii). The notice of appeal was

3

filed on August 13, 2012.[*]  Because Howard failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal of the district court's May 3, 2012, order dismissing Howard's § 2254 petition as successive and the district court's June 14, 2012, order denying his post-judgment motions.

In Appeal No. 12-7715, Howard seeks to appeal the district court's August 30, 2012, order adopting the magistrate judge's recommendation and dismissing his 28 U.S.C. § 2254 petition as successive.  The order is not appealable unless a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A) (2006).  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (2006).  When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court.  Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

4

We have independently reviewed the record and conclude that Howard has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal of the district court's August 30 order dismissing Howard's § 2254 petition as successive.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED